Christine BENEDICT, et al.

v.

UNITED INTER–MOUNTAIN TELEPHONE COMPANY, et al.

No. CIV–2–91–214.

United States District Court, E.D. Tennessee, at Greeneville.

March 31, 1993.

Charlton R. DeVault, Jr., Kingsport, TN, for plaintiffs.

William C. Bovender, Hunter, Smith & Davis, Kingsport, TN, Keith M. Pyburn, Howard Shapiro, Julia S. Mandala, McCalla, Thompson, Pyburn & Ridley, New Orleans, LA, for defendants, United Inter–Mountain Telephone Co. and Health Care Protection Plan for Empl. of United Inter–Mountain Telephone Co.

George N. Davies, John L. Quinn, Longshore, Nakamura & Quinn, Birmingham, AL, for defendants, Local 3871 Communications Workers of America and Communications Workers of America.

## *ORDER*

HULL, District Judge.

This action, which involves a dispute over ERISA health care benefits afforded to the plaintiffs, who retired during 1990, is before the Court to consider motions for summary judgment filed by the parties. The plaintiffs essentially allege that the defendant unions, their former employer, and the defendant health care plan have breached various duties and promises owed to them, when they were charged a premium for health insurance after their retirement. The Court will address each of the plaintiffs' basic issues individually.

COLLECTIVE BARGAINING AGREEMENT/FAIR REPRESENTATION ISSUES:

▪ The Court finds that retirees' health care benefits were not within the mandatory subjects of union-employer collective bargaining agreement, and therefore, the defendant unions and the defendant employer

**356**

owes these retirees no duty in the absence of specific language that would indicate the intent to create an obligation enforceable against the union and the employer. *United States Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Pursuant to the Supreme Court's holding in *Centr. States Pension Fund v. Centr. Transp.,* 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), while a health care plan trustee's duty extends to all participants and beneficiaries of a multiemployer plan, a union's duty is confined to current employees which are employed in the bargaining unit in which the union has representational rights in the absence of an agreement extending the union's duty of representation.

It is clearly settled that to prevail in a § 301 claim under the Labor–Management Relations Act, the plaintiff must establish that the defendant unions breached their duty of fair representation and that the defendant employer breached the collective bargaining agreement. *Del Costello v. Int'l Brotherhood of Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983). Because these retirees are not current employees, and even though they may have been members of the bargaining unit at one time, the Court finds that the defendant unions in this cause owed these retirees no duty in regard to health benefits, although the union agreed to arbitrate pension matters, because retirees' health benefits were not included in the specific language of the collective bargaining agreement or in the specific language of the applicable pension agreement which was effective August 24, 1987. Similarly, there was no breach of the collective bargaining agreement by the defendant employer, because retiree health insurance benefits were not included in that agreement or in the pension agreement.

ERISA ISSUES/CONTRACT ISSUE

■ In plaintiffs' response to the defendants' motion for summary judgment, the plaintiff cites the following provision in the Collective Bargaining Agreement:

33.01 GROUP HEALTH INSURANCE
The Company agrees to continue its present practice with respect to Group Health Insurance for regular employees and their dependent families on a non-contributory basis.

Although plaintiff contends that this in some way binds the defendants in regard to retirees, the Court finds that retirees are not regular employees.

■ In regard to the ERISA plan at issue, the plaintiffs complain that the defendants has no right to modify the plan as of January 1, 1989, to provide as follows:

WHEN YOU RETIRE
As a bargaining employee, you will receive the same health benefits currently offered to regular nonbargaining employees at retirement only if you begin receiving your pension benefit at the same time you retire.

If you are younger than 65, you will be insured for the same health benefits currently offered to regular nonbargaining employees.

If you are 65 or older, you will be insured for the same health benefits currently offered to regular nonbargaining employees but the Nonduplication of Benefits Provision will be applied.

The significance of this provision is that while bargaining employees paid no health insurance premiums, non-bargaining employees were required to pay a premium.

In addition, prior to their retirement, the plaintiffs received a letter from Employee Benefits Manager, Ben Price, which clearly states:

GROUP HEALTH BENEFITS
Your current Group Health coverage will continue after retirement. Your new health coverage will be $150 deductible per person per year, with $1,200 out-of-pocket per person per year. You will pay a premium based on the age and number of covered persons. If you elect group health coverage, it is expressly understood that the Company reserves the right to change such treatment of retirees but will not treat you less favorably than any other retiree similarly situated.

The Court finds that the terms of the Collective Bargaining Agreement do not prohibit a change in the plan which would result in the assessment of health insurance premi-

ums against retirees. The Court also finds that the plain language of this plan, as well as the letter, which was sent to the plaintiffs prior to their retirement, puts the plaintiffs on notice that they will be charged a premium upon retirement. It is clearly settled that parol evidence cannot be used to alter the terms of an ERISA plan. *Musto v. American General Corp.*, 861 F.2d 897, 910 (6th Cir.1988). Therefore, there was no breach of any duty by the defendants in regard to the ERISA plan, there is no breach of contract in regard to what was promised the plaintiffs in connection with their early retirement, and plaintiffs' complaint based upon these allegations is unfounded.

CONCLUSION

Accordingly, for the reasons set out herein, it is hereby **ORDERED** that the motion for summary judgment filed by Local Union No. 3871 of the Communications Workers of America, and Communications Workers of America, AFL–CIO is **GRANTED,** [Doc. 18]; that the motion for summary judgment filed by United Inter–Mountain Telephone Company and the Health Care Protection Plan for Employees of United Inter–Mountain Telephone Company is **GRANTED,** [Doc. 17]; plaintiffs' cross motion for summary judgment is **DENIED;** and that the plaintiffs' complaint is **DISMISSED.**